# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**HAROLD WAYNE GAGE (#310238)**  **CIVIL ACTION**

**VERSUS**

**N. BURL CAIN, ET AL.**  **NO. 12-0119-JJB-DLD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 17, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**HAROLD WAYNE GAGE (#310238)**                    **CIVIL ACTION**

**VERSUS**

**N. BURL CAIN, ET AL.**                                         **NO. 12-0119-JJB-DLD**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, Warden N. Burl Cain, Ass't Warden K. Benjamin, Ass't Warden P. Staggs, Col. Darbonne, Lt.Col. Bonnette, Lt.Col. Causelot, Major Butler, Major Gauthier, Major LaBorde and Major Thomas, complaining that the defendants violated his constitutional rights in July, 2011, by closing the LSP Hobby Shop for approximately 1½ months after drugs were found in an inmate's Hobby Shop Box.

Pursuant to 28 U.S.C. § 1915(e), this Court is authorized to dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e). See also, Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." Davis v. Scott, 157 F.3d 1003 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless, a category encompassing allegations that are fanciful,

fantastic and delusional.  Neiztke v. Williams, supra, Denton v. Hernandez, supra.  Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1993.  Id.; Ancar v. SARA Plasma, Inc., 964 F.2d 465 (5th Cir. 1992).  A § 1915(e) dismissal may be made at any time, before or after service of process and before or after an answer is filed.  Green v. McKaskle, supra.

In his Complaint, the plaintiff alleges that on July 15, 2011, security officers came to the Hobby Shop, went to a specific Hobby Shop Box, and discovered marijuana therein.  Shortly thereafter, a drug-sniffing dog was brought to the Hobby Shop and a search was conducted but no additional contraband was discovered.  Nonetheless, the defendants closed the Hobby Shop on that date and did not re-open it until September 28, 2011.

Applying the foregoing standard, the Court finds that the plaintiff has failed to allege a claim of constitutional dimension.   Initially, it is unclear from the plaintiff's Complaint whether he has named the defendants in their individual and/or their official capacities.  However, in light of the liberality with which this Court interprets the pleadings of pro se litigants, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Court interprets the plaintiff's Complaint as naming the defendants in both capacities.  Notwithstanding, § 1983 does not provide a federal forum for a litigant who seeks monetary recovery against a state official acting in an official capacity inasmuch as such official is not seen to be a person under § 1983.  Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).  Further, in Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in his official capacity for monetary damages is treated as a suit against the State and is therefore barred by the Eleventh Amendment.  Id.  Thus, it is clear that the plaintiff fails to state a claim for monetary damages under § 1983 against the defendants in their official capacities.

Turning to the plaintiff's claim asserted against the defendants in their individual capacities, the Court first finds that the plaintiff has failed to allege sufficient connexity between the actions of the defendants and the alleged constitutional violation complained of. Pursuant to well-settled legal principles, in order for a prison official to be found liable under § 1983, the official must have been personally involved in conduct causing the alleged deprivation of a constitutional right, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. Lozano v. Smith, 718 F.2d 756, at 768 (5th Cir. 1983). Any allegation that these defendants are responsible for the actions of their subordinates or co-employees is insufficient to state a claim under § 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Further, in the absence of direct personal participation by a supervisory official in the alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law. Lozano v. Smith, supra.

Applying the foregoing standard, and upon a review of the plaintiff's Complaint, it does not appear that he has alleged that any of the defendants were personally responsible for the decision to close the Hobby Shop for 1½ months in July, 2011. Instead, all that the plaintiff has alleged is that there is a policy at LSP, instituted by defendant Cain, pursuant to which the Hobby Shop is subject to closure upon the discovery of any contraband, and that the defendants exercise supervisory authority over the Hobby Shop and/or the area of the prison where the plaintiff lives. Further, with regard to the referenced policy, this claim is not one of constitutional dimension. Specifically, an inmate has no constitutional right to participate in hobbycraft or to engage in any other rehabilitative programs or money-making ventures while confined in prison. See, e.g., Moody v. Daggett, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 279 n. 9, 50 Led.2d 236 (1976) (holding that inmates' activities and access to rehabilitation programs may be delegated to the "full discretion"

of prison officials and do not create a "legitimate statutory or constitutional entitlement sufficient to invoke due process"); Brown v. Sumner, 701 F.Supp. 762 (D. Nev. 1988) (holding that, "[i]n general, prisoners have no fourteenth amendment due process rights to participate in a work, educational or vocational training program"). See also French v. Butterworth, 614 F.2d 23 (1st Cir.), cert. denied, 446 U.S. 942, 100 S.Ct. 2167, 64 L.Ed.2d 797 (1980) (holding that "a prisoner has no recognized right to conduct a business while incarcerated" and that "the fourteenth amendment affords no protection to inmate business activities"). Accordingly, any entitlement that the plaintiff may have had to engage in hobbycraft activities at LSP was entirely circumscribed by the broad discretion of prison administrators. As a result, the plaintiff has no right to complain that this privilege was withheld for a period of time. For this reason, the plaintiff's claim is subject to dismissal as being not properly before the Court.

Further, the plaintiff asserts that he has named defendant James LeBlanc as a defendant herein solely "because of [the defendant's] actions in the denial of relief." The law is clear, however, that the plaintiff is not constitutionally entitled to any investigation or to a beneficial result in response to his complaints. Moreover, there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeals for the Fifth Circuit in Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous.... [The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

(Emphasis in original). Accordingly, the plaintiff's claim regarding the alleged conduct of defendant LeBlanc in denying the plaintiff relief is without legal foundation and must also be dismissed.

Finally, the law is clear that an inmate plaintiff may not recover monetary damages for alleged mental and emotional injury in the absence of a showing of physical injury. 42 U.S.C. § 1997e(e). Inasmuch as the plaintiff makes no suggestion that he has sustained physical injury as

a result of the defendants' actions, it appears that the claims asserted in this proceeding are frivolous as a matter of law and that this action should be dismissed, with prejudice.

RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's action be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915, and that this action be dismissed.[1]

Signed in Baton Rouge, Louisiana, on May 17, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[1] Note that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."